# CHESAPEAKE AND POTOMAC TELEPHONE COMPANY *vs.* MAYOR AND CITY COUNCIL OF BALTIMORE.

*Successive Appeals—Conclusiveness of Decision.*

A judgment for defendant, in an action based on a city ordinance, having been reversed, *held* that such decision on appeal was conclusive as to the validity of the ordinance, for the purpose of a second appeal, although the defendant's prayers, which submitted reasons for the alleged invalidity of the ordinance, were not before the appellate court on the first appeal.

*Decided February 1st, 1924.*

Appeal from the Baltimore City Court (GORTER, C. J.).

Action by the Mayor and City Council of Baltimore, a municipal corporation, against the Chesapeake and Potomac Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BRISCOE, THOMAS,, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Shirley Carter,* with whom were *Bernard Carter & Sons* on the brief, for the appellant.

*Allen A. Davis, Deputy City Solicitor,* with whom was *Philip B. Perlman, City Solicitor,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This is the second appeal taken in this case and all the facts material to a consideration of the questions raised by it will be found stated in the case of *Mayor and City Council of Baltimore* v. *Chesapeake and Potomac Telephone Com-*

*pany,* 142 Md. 79, and the several propositions of law upon which the appellant relies on this appeal were decided adversely to its contentions in an opinion filed in that case by JUDGE BRISCOE.

In that case the judgment in the lower court was for the defendant and from that judgment the plaintiff appealed. Upon the appeal the judgment was reversed and the cause remanded. When it was reached for trial the lower court, upon an agreed statement of facts, returned a verdict for the plaintiff, upon which judgment was in due course entered, and from that judgment this appeal was taken. At the conclusion of the evidence in the trial court the defendant offered three prayers, which respectively submitted these propositions: (1) that an ordinance of The Mayor and City Council of Baltimore, imposing a tax of two dollars each on the poles of the appellant on the public highways in the territory annexed to the City of Baltimore by the Acts of 1918, chapter 82, is invalid, because it impairs the obligation of certain contracts between the appellant and the State of Maryland; (2) that such ordinance is invalid because it denies the appellant the equal protection of the law, and (3) that it is invalid because it deprives the appellant of property without due process of law, in violation of the guaranties of the Constitution of the United States.

At the first trial of the case the lower court directed a verdict for the defendant, and upon the appeal its prayers, embodying the propositions we have just stated, were not before the court, and therefore we are asked by the learned counsel for the appellant to consider those questions on this appeal, upon the following theory, which they state in their brief in these words:

"It will be noted that the defendant's first prayer and the defendant's third prayer, offered and refused by the court below on the second trial of this case in the Baltimore City Court, present the same questions of law as the defendant's first and second prayers offered and refused by the lower court on the first trial; and while, since the verdict and judgment on the

first trial in the court below were for the defendant, and the plaintiff appealed, the lower court's action in refusing said prayers on the first trial was not before this court for review, since the defendant did not appeal and had no right to complain, the verdict and judgment being in its favor; yet the proposition of law contained in the defendant's first prayer offered and refused on the first trial below, which is the same as the defendant's first prayer offered and refused by the lower court on the second trial, and the court's action in refusing the said prayer on the second trial is now before the court, yet since the defendant argued in its brief said proposition contained in its first prayer on the first appeal to this court, and the proposition was passed on by this court, while that proposition may not now be open to argument on this appeal, nevertheless the proposition is pressed for this court's action thereon on this appeal."

In answer to that suggestion it is sufficient to say that, while those particular prayers were not before the Court for review in the former appeal, yet the right of the appellee to recover on its claim was before the Court in that case, and in holding that the lower court erred in directing a verdict for the defendant, and that, upon the facts assumed by the opinion for its purposes as proved in that case, the appellee in this case was entitled to recover, it necessarily passed upon each of the propositions to which we have referred and decided them adversely to the appellant. For if the ordinance is invalid for any one of the reasons suggested or for any reason, it would necessarily follow that the judgment in the first appeal should have been affirmed, and that in reversing it the Court must of necessity have held that the ordinance was valid and enforceable.

And inasmuch as this appeal involves the same pleadings and the same facts as those before us on the former appeal, the judgment appealed from will be affirmed, for the reasons stated in the opinion filed in that case.

*Judgment affirmed, with costs to the appellee.*